**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSEPH TIGER D. PRINCE; et al., | :: | PRISONER CIVIL RIGHTS |
|    Plaintiffs, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| GEORGIA DEPARTMENT OF | :: | CIVIL ACTION NO. |
| PARDONS AND PAROLES; et al., | :: | 1:17-CV-2687-TWT-RGV |
|    Defendants. | :: | |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Numerous pro se inmates currently confined in the Augusta State Medical Prison in Augusta, Georgia, including Joseph Tiger D. Prince,[1] Timothy Adams, Nick R. Smith, and Billy Porter, have filed this pro se civil rights action challenging various conditions of their confinement. [Doc. 1]. Only Prince, Adams, Smith, and Porter have submitted applications for leave to proceed in forma pauperis. [Docs. 2-5]. Additionally, Prince has filed a motion for class action certification. [Doc. 6].

This case cannot proceed as a class action since plaintiffs, as pro se prisoners, cannot assert the legal rights of other people in federal court. See Bass v. Benton, 408

---

[1] The Court notes that Prince has filed at least three prior cases while incarcerated that were dismissed either as frivolous, malicious, or for failure to state a claim. See Prince v. Champion, No. 1:16-CV-0111-JRH-BKE (S.D. Ga. Aug. 24, 2016) (dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915(g)).

F. App'x 298, 299 (11th Cir. 2011) (per curiam) (affirming dismissal of purported class action § 1983 suit filed by pro se prisoner); Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) ("'[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.'") (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)). Accordingly, Prince's motion for class action certification, [Doc. 6], is due to be **DENIED**. Additionally, under the Prison Litigation Reform Act, "each prisoner must bring a separate suit in order to satisfy the Act's requirement that each prisoner pay the full filing fee." Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001). Therefore, in order for an independent frivolity determination to be made concerning each individual plaintiff pursuant to 28 U.S.C. § 1915A, and to insure that each plaintiff pays the full filing fee as required by law, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 28th day of JULY, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE